UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-24238

JESUS SUAREZ,

    Plaintiff,

vs.

DOWNRITE ENGINEERING CORP.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, Jesus Suarez, sues Defendant, DOWNRITE ENGINEERING CORP, based on the following good cause:

### *PARTIES, JURISDICTION, AND VENUE*

1. **Plaintiff, Jesus Suarez**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly non-exempt employee of the Defendant, as the term "employee" is defined by 29 U.S.C § 203 (e) who consents to participate in this lawsuit.

2. **Defendant, DOWNRITE ENGINEERING CORP,** is a *sui juris* Florida Profit Corporation that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was Plaintiff's FLSA employer for Plaintiff's respective period of employment ("the relevant time period"). The Defendant ran the day-to-day operations for the relevant time period, was responsible for paying Plaintiff's wages for the relevant time period, controlled Plaintiff's work and schedule, and was therefore Plaintiff's "employer" as defined by 29 U.S.C 203 (d).

3. Defendant employed Plaintiff.

4. This Court has jurisdiction over Plaintiff's FLSA claims.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because the corporate Defendant maintains an office in this District, and because most if not all of the operational decisions affecting Plaintiff's employment were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

### *Background Facts*

6. Plaintiff worked for Defendant as a Pipe Layer, from on or about April 17, 2019, through on or about October 10, 2019.

7. From approximately April 17, 2019, through on or about October 10, 2019, Defendant required that plaintiff work at different construction sites.

8. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times he worked each workday, such records are in the exclusive custody of Defendant.

9. Plaintiff was a Pipe Layer and his duties included but were not limited to, installing underground piping to connect building and building sites to water supplies, sewers, and stormwater management systems.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies.

11. Both the Defendant's business and the Plaintiff's work affects interstate commerce for the relevant time period.

12. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods included, were not limited to pipes, tools, and machinery, were produced outside of the country, that plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

13. Plaintiff's work for the Defendant was actually in and/or closely related to the movement of commerce while Plaintiff worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

14. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, such as pipes, tools, and machinery, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

15. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, and 2018.

16. Upon information and belief, the Defendant gross sales or business is expected to exceed $500,000 for the year 2019.

17. Defendant agreed to pay Plaintiff at an hourly rate of $19.00 per hour.

18. From approximately April 17, 2019, through October 10, 2019, Plaintiff's overtime rate was $28.50 per hour for hours worked in excess of 40 hours each work week.

19. Between the period of on or about April 17, 2019, through October 10, 2019, Plaintiff worked in excess of forty (40) hours per week.

20. Between the period of on or about April 17, 2019, through October 4, 2019, Plaintiff was not allowed to take his 30 minutes lunch break on Fridays, although Defendant deducted 30 minutes for his lunch break from his pay.

21. Therefore, between the period of on or about April 17, 2019, through October 4, 2019, Plaintiff is owed a total of 12 hours of overtime worked.

22. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

Plaintiff reincorporates and re-alleges paragraphs 1-22 set forth fully herein and further alleges as follows:

23. Plaintiff therefore claims the time-and-a-half overtime rate for half (1/2) hour for 24 weeks as required by the Fair Labor Standards Act.

24. Plaintiff alleges he notified Defendant on various occasions about the discrepancy, but Defendant refused to pay him.

25. Defendant willfully and intentionally refused to pay Plaintiff's said overtime wages from approximately April 17, 2019, through October 4, 2019, as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act, and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act.

26. Defendant remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

WHEREFORE, Plaintiff, Jesus Suarez, demands the entry of judgment in his favor and against the Defendant, DOWNRITE ENGINEERING CORP, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C § 216:

b. That Plaintiff recover prejudgment interest if he is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorney fees, costs, and expenses pursuant to the FLSA;

d. That Defendant be ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. That Plaintiff recover all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 15th day of October, 2019.

Respectfully submitted,

By: /s/ Gadiel A. Espinoza, Esq.
Gadiel A. Espinoza, Esq.
Florida Bar No. 121831
gadiel@PereGonza.com

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.   (786) 650-0202
Fax.   (786) 650-0200
Email: office@peregonza.com
Attorneys for Plaintiff